```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

GLENDA DIEM and KENNETH HALEY,    §
                                  §
     Plaintiffs,                  §
                                  §
                                  §
v.                                §    CIVIL ACTION NO. H-10-2848
                                  §
                                  §
QUINN HOTEL PRAHA, A.S. and       §
HILTON WORLD WIDE, INC.,          §
                                  §
     Defendants.                  §
```

MEMORANDUM AND ORDER

Pending is Defendant Quinn Hotel Praha, A.S.'s Amended Motion to Dismiss For Lack of Personal Jurisdiction (Document No. 18). After having carefully considered the motion, the submissions of the parties, and the applicable law, the Court concludes the motion should be granted.

I. Background

Defendant Quinn Hotel Praha, A.S. ("Quinn") is a Czech Republic corporation with its principal place of business in Prague, Czech Republic.[1] Plaintiffs Glenda Diem ("Diem") and Kenneth Haley ("Haley") are married and reside in Harris County, Texas.[2] Plaintiffs Diem and Haley (collectively, "Plaintiffs")

---

[1] Document No. 18-2 at 1.

[2] Document No. 19-2 at 1.

allege that while in Texas, Diem provided her credit card and billing information on Hilton Worldwide's web site in order to reserve a room at the Hilton Prague Hotel, which is owned by Defendant Quinn.[3] Quinn allegedly sent to Diem an email confirming the reservation.[4]

Plaintiffs allege that on the second night of their stay at the hotel, Diem slipped and fell while exiting her hotel room bathtub, suffering serious injuries.[5] Diem asserts she had booked a reservation at Quinn because of the web site's depictions of the hotel.[6] She further contends that she fully performed her portion of the contract in Texas, because the reservation was subject to a cancellation policy and she provided her credit card and billing information while using the web site in Texas. Furthermore, Plaintiffs allege it was reasonably foreseeable that Diem's injuries would be felt in Texas,[7] because Diem's credit card and billing information, given over the internet to Quinn, revealed that she resided in Texas.

---

[3] Document No. 1 at 2-3.

[4] Id. at 4.

[5] Document No. 1 at 3, 4. Diem broke her right ankle, tore her anterior cruciate ligament in her right knee, and possibly fractured her hip. Id.

[6] Document No. 19 at 2.

[7] Id. at 3.

Plaintiffs were allowed over three months to conduct limited jurisdictional discovery to establish general jurisdiction over Quinn, following which the parties were permitted to supplement their briefings and submissions on the matter of jurisdiction. Plaintiffs submitted nothing additional. Quinn moves to dismiss for lack of personal jurisdiction, contending that it neither engages in continuous and systematic contacts with Texas such that it would be subject to the Court's general jurisdiction, nor does it have minimum contacts with Texas such that it would be subject to the Court's specific jurisdiction.

## II. Standard of Review

A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See* Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. Id.

The due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that

the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945).  Two types of personal jurisdiction are recognized: (1) specific; and (2) general.  Specific jurisdiction exists when the cause of action relates to or arises out of the defendant's contacts with the forum.  *See* Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S. Ct. 1868, 1872 n.8 (1984). Alternatively, general jurisdiction may be exercised over a defendant who has systematic and continuous contacts with the forum.  *See* id. at 1872-73.

When an evidentiary hearing on the question of jurisdiction is not conducted, the party seeking to establish jurisdiction bears the burden of presenting a *prima facie* case of personal jurisdiction.  Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000); Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 211 (5th Cir. 1999).  Proof by a preponderance of the evidence is not required.  Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 854 (5th Cir. 2000).  A plaintiff may present a *prima facie* case by producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction. *See* WNS, Inc. v. Farrow, 884 F.2d 200, 203-04 (5th Cir. 1989). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the

4

parties' affidavits and other documentation must be resolved in the plaintiff's favor. *See* Alpine View, 205 F.3d at 215.

### III. Analysis

A. Web Sites

In applying the minimum contacts doctrine to the Internet, the Fifth Circuit has adopted the approach set forth in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997), to determine the nature and quality of the commercial activities conducted by a defendant over the internet. *See* Mink v. AAAA Dev. LLC, 190 F.3d 333, 336 (5th Cir. 1999). The Zippo court applied a sliding scale test to determine whether an internet site constituted minimum contacts within a forum state, dividing web sites into three categories: passive, active, and intermediate. 952 F. Supp. at 1124.

On one end of the continuum, passive sites involve posted information which the user merely sees; these sites are insufficient to support personal jurisdiction over a nonresident defendant. Id. On the active end of the web site continuum, the owner has sufficient contacts subjecting it to personal jurisdiction in a forum; these sites allow both owner and user to engage in repeated contractual dealings. Id. Intermediate sites allow for some interactivity between owner and user, but not to the extent of repeated contractual dealings. Id.

5

In this case, the web site is an intermediate site, neither active nor completely passive. *See* Arriaga v. Imperial Palace, Inc., 252 F. Supp. 2d 380, 385 (S.D. Tex. 2003) (Hittner, J.); *see also* Bell v. Imperial Palace Hotel/Casino, Inc., 200 F. Supp. 2d 1082, 1087 (E.D. Mo. 2001). This Court in Arriaga distinguished a hotel reservation web site from other contractual internet dealings:

> Hotels . . . are somewhat unique in the internet context. Neither party anticipates that goods, services, or information of intrinsic value will be transmitted or provided in the forum state as a result of the internet exchange of information. To the contrary, both parties recognize that the internet exchange is simply preliminary to the individual traveling outside the forum state to use the service. In this respect, the exchange of information over the internet is not unlike a toll-free reservations hotline. The purpose of the internet interaction is not achieved until the resident customer leaves the forum state and arrives at the hotel destination.

252 F. Supp. 2d at 384-85 n.4 (citing Bell, 200 F. Supp. 2d at 1088). Therefore, because the website is intermediate, the Court must examine the extent of interactivity and the nature of the forum contacts in order to determine whether Quinn is subject to personal jurisdiction in Texas. Zippo, 952 F. Supp. at 1124.

B.   Specific Jurisdiction

The Fifth Circuit determines the constitutionality of specific jurisdiction for a nonresident defendant by applying a three-step

analysis: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009) (citing Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002)).

Furthermore, the Fifth Circuit stated in order for a tort claim to "arise out of" a contractual contact, the contact must meet two requirements: (1) the contact must be purposefully directed at the forum to satisfy due process; and (2) the contact must be a but-for causative factor for the tort. Prejean v. Sonatrach, Inc., 652 F.2d 1260, 1270 n.21 (5th Cir. 1981); *see also* Spell v. Willbros USA, Inc., No. H-07-1509, 2008 WL 2627718, *3 (S.D. Tex. 2008) (Lake, J.) (citing Prejean, 652 F.2d at 1270 n.21) ("'[B]ut for' causation becomes an issue only after the court has determined 'the contact is by itself sufficient for due process,' i.e., that a defendant has purposefully availed itself of a forum's protections."); Trinity Indus., Inc., v. Myers & Assoc., Ltd., 41 F.3d 229, 231-232 (5th Cir. 1995) (holding that a tort claim alleged against an attorney "arose out of" a contract after determining the defendant purposefully availed himself of the forum). Therefore, whether the nonresident defendant purposefully

7

availed itself to the forum is a threshold inquiry to finding that a tort claim "arose out of" a contractual contact. *See* id. ("While the relationship between a tort suit and contractual contact is certainly more tenuous than when a tort suit arises from a tort contact, that only goes to whether the contact is by itself sufficient for due process, not whether the suit arises from the contact.").

First, Plaintiffs fail to establish that Quinn purposefully directed its actions at the forum. The mere accessibility of a website in the forum state, without more, does not indicate that Quinn, either in its own right or by the actions of its agent, Hilton Worldwide, Inc.,[8] purposefully directed the contact at the forum state. *See* Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003) ("[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant . . . directly target[ed] its web site to the state, knowingly interacting with residents of the forum state

---

[8] Plaintiffs allege, and Defendant does not controvert, that Hilton Worldwide, Inc. serves as Quinn's agent in making reservations on its behalf via the Hilton Worldwide, Inc. website. An agent's actions can be used to establish jurisdiction over the principal. O'Quinn v. World Indus. Constructors, Inc., 874 F. Supp. 143, 145 (E.D. Tex. 1995), *aff'd* 68 F.3d 471 (5th Cir. 1995) (citation omitted). However, only those contacts within the scope of the relationship may be imputed from the agent to the principal. *See* id. Therefore, only Hilton Worldwide, Inc.'s contacts with Texas that are derived from the agency relationship are imputed to Quinn.

. . . ."). Plaintiffs assert that because Diem tendered her credit card and billing information from her home in Houston, Quinn knowingly directed action at the forum state; however, the "mere fortuity that [plaintiff] happens to be a [Texas] resident" is insufficient to establish purposeful availment. *See* Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986); *see also* Hydrokinetics, Inc. v. Alaska Mech., Inc., 700 F.2d 1026, 1029 (5th Cir. 1983) (declining to exercise specific jurisdiction due to lack of purposeful availment where "[defendant's] sole contact with the state of Texas is the single, isolated transaction involved in this case, and that transaction was initiated by and substantially negotiated with the [plaintiff's agent]"); McFadin, 587 F.3d at 760 ("It is clearly established that 'merely contracting' with a resident of the forum state does not establish minimum contacts." (citations omitted)).

Plaintiffs rely upon AdvanceMe, Inc. v. Rapidpay, LLC,[9] a patent infringement case, and Powerhouse Productions, Inc., v. Widgery,[10] an unfair competition case, to support their argument. However, in both of those cases, the act of placing the infringing information on the website comprised the legal injury of which the plaintiffs complained. *See* AdvanceMe, Inc., 450 F. Supp.2d at 673 ("[T]he Court has personal jurisdiction over [the defendant] if

---

[9] 450 F. Supp. 2d 669 (E.D. Tex. 2006).

[10] 564 F. Supp. 2d 672 (E.D. Tex. 2008).

[the defendant] sold or offered to sell the allegedly infringing services in Texas."); *see also* Widgery, 564 F. Supp.2d at 679 ("[Defendant] intentionally directed the infringing marks at Texas residents through its website . . . ."). In contrast, Plaintiffs' injury is not based on the content or substance of what Hilton Worldwide posted on its website through which Diem booked her hotel reservation in Prague. Quite to the contrary, Plaintiffs' suit is one for personal injuries and loss of consortium based on Quinn's negligence in Prague, wholly unrelated to the Hilton Worldwide website.

Under Prejean and Trinity, the Fifth Circuit stated that a tort claim can arise out of a contractual contact. *See* Prejean, 652 F.2d 1270 n. 21; Trinity, 41 F.3d at 231-232. However, even if the contract placed the parties within "tortious striking distance," Prejean, 652 F.2d at 1270 n. 21, Quinn's attenuated contact with the forum by reason of Diem's using the website to make her hotel reservation is not sufficient to establish that Quinn purposefully availed itself to the forum so that it could reasonably be haled into court in Texas.

Alternatively, Plaintiffs argue that their causes of action "result[] from" Quinn's contacts with Texas. They rely on Guidry v. United States Tobacco Co., Inc., 188 F.3d 619 (5th Cir. 1999), and Walk Haydel & Assoc., Inc., v. Coastal Power Production Co., 517 F.3d 235 (5th Cir. 2008), to argue that Quinn is subject to

10

specific jurisdiction because the effects of Quinn's negligent conduct were felt in Texas where it was "somewhat more than merely foreseeable" in Texas. *See* Guidry, 188 F.3d at 629 (citations omitted) ("[U]nder Calder, the effects of torts committed outside the forum state that cause death or serious physical harm may also serve as minimum contacts with the forum for purposes of personal jurisdiction."). Both cases are distinguishable from the facts here. In Guidry, the defendants "knowingly initiated and aimed" allegedly tortious actions "at users and potential consumers of tobacco products" in the forum state). 188 F.3d at 630. Although the defendants' activity occurred outside the forum in Guidry, the tortious conduct alleged was purposely directed at the forum, and the injury was inflicted within the forum. Id. Likewise, in Walk Haydel, the Chicago based law firm's "purposeful contacts with Louisiana, in combination with the foreseeable harmful effects in Louisiana of its alleged illegal activity," made specific jurisdiction proper over the Chicago party. 517 F.3d at 243.

In contrast, the alleged tortious activity and the injury in this case both took place in Prague. Although it may be foreseeable that an injured hotel guest in Prague would likely return to her home forum while still suffering the effects of an injury sustained in Prague, Quinn did not *aim* such tortious activity at Plaintiffs in the forum state, nor was the injury inflicted in the forum state, as in Guidry and Walk Haydel.

11

Moreover, the unilateral decision and action of Plaintiffs to return to Texas is not a basis for personal jurisdiction. *See* Stroman Realty, Inc. v. Wercinski, 513 F.3d 476, 486 (5th Cir. 2008) (quoting Hanson v. Denckla, 78 S. Ct. 1228, 1239-1240 (1958)).

In sum, because Quinn did not purposefully avail itself of the privileges and benefits of the forum state, and there is no indication that Quinn purposely aimed tortious conduct at Texas, the Court does not have specific jurisdiction over Quinn.

C.  General Jurisdiction

"General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" Mink, 190 F.3d at 336.  As previously noted, Plaintiffs contended in their Response that they needed to conduct jurisdictional discovery in order to establish the Court's general jurisdiction over Quinn.[11]  Although Plaintiffs have had several months to supplement their submissions, they have not done so, and they have presented no evidence to support a claim for general jurisdiction over Quinn.  Therefore, Plaintiffs have failed to establish a prima facie case that Quinn had any systematic and continuous contacts with Texas such as to subject it to general jurisdiction here.

---

[11] *See* Document No. 19 at 8.

IV.  <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendant Quinn Praha, A.S.'s Motion to Dismiss (Document No. 18) is GRANTED, and Plaintiffs Glenda Diem's and Kenneth Haley's claims against Quinn Praha, A.S. are DISMISSED for lack of jurisdiction.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 15th day of February, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE